United States District Court
For the Southern District of Ohio
Western Division at Cincinnati

| | |
|---|---|
| Michele Neal,<br><br>*On behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Hallsons of Lebanon, Inc., *et al*.,<br><br>Defendants. | Case No. 1:20-cv-00672<br><br>Judge Michael R. Barrett |

ORDER GRANTING FINAL SETTLEMENT APPROVAL AND CERTIFICATION AS A RULE 23 CLASS ACTION AND A FLSA COLLECTION ACTION

Before the Court is Plaintiff's Unopposed Motion for Final Settlement Approval. The Court, having reviewed Plaintiffs' Motion and considered the arguments made during the Final Approval Hearing, hereby **GRANTS** Plaintiffs' Motion.

**1. Background**

This is a wage and hour lawsuit brought on behalf of a class of pizza delivery drivers who worked at two LaRosa's Pizza franchise stores. *See* First Amended Complaint, Doc. 18-1. Plaintiff Neal filed this case on August 27, 2020. *See* Class and Collective Action Complaint, Doc. 1. Plaintiffs' primary claim in this lawsuit is that Defendants required drivers to use their personal vehicles to delivery pizzas but did not fully reimburse the drivers for expenses related to those vehicles. An unreimbursed expense acts as a deduction from wages. *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F. Supp. 2d 117, 125 (E.D.N.C. 2011). Thus, there would be an FLSA

violation in any workweek in which the unreimbursed expense drops the worker's wage below minimum wage. 29 C.F.R. 531.35 Ohio law has the same rules. *Arp v. Hohla & Wyss Enters., LLP*, 2020 U.S. Dist. LEXIS 207512, at *3 (S.D. Ohio Nov. 5, 2020).

**2. The Settlement Agreement**

The parties' have agreed to settle this lawsuit for $112,500.00. After deducting fees, expenses, administrative costs, and a service award, the fund will be split between two claims. First, $20,000 will be allocated to Plaintiff's claim that Defendants were not entitled to claim a tip credit against their wage obligation. Second, the remainder will be divided among the class members who worked that the Lebanon, Ohio store to account for the alleged under-reimbursement claim. Each allocation is based on the hours each driver worked.

Pursuant to the Court's Order on preliminary approval, a Notice of Settlement was sent to the 53 class members by First Class Mail, notifying the class members of the terms of the settlement and informing them about their options to opt out of or object to the settlement. No class members opted out of or objected to the Settlement Agreement.

**3. Analysis**

    **a. Class Certification is Appropriate for Settlement Purposes.**

The Court hereby certifies the following hybrid class/collective for settlement purposes:

> All current and former delivery drivers employed from August 27, 2017 to August 5, 2021 at the Lebanon, Ohio and Blue Ash, Ohio LaRosa's stores owned, operated, and/or controlled by Defendants in Ohio (the "Class").

The class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b) (3) for purposes of settlement.[1] *See, e.g., Mullins v. Southern Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *2 (S.D. Ohio Jan. 18, 2019) (approving a Rule 23

---

[1] The Court acknowledges that Defendants agreed to class certification pursuant to Rule 23 and collective action certification pursuant to Section 216(b) for settlement purposes only.

settlement class of Domino's drivers asserting similar claims); *Howard v. Southern Ohio Pizza, Inc.*, No. 1:19-cv-222, Doc. 38 (S.D. Ohio Aug. 20, 2020); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, *6 (S.D. Ohio Nov. 25, 2019) ("*Brandenburg II*"); *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836, at *4 (S.D. Ohio May 17, 2021); *Arp v. Hohla & Wyss Ents., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *15 (S.D. Ohio Nov. 5, 2020).

Federal Rule of Civil Procedure 23(a)(1) is satisfied because there are 53 class members, and thus, joinder is impracticable.

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the class members share common issues of fact and law. Rule 23(a)(2)'s commonality requirement is satisfied where there are "questions of law or fact common to the class." A single common question is sufficient to certify a class. *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). Plaintiffs allege that Defendants' reimbursement policy harmed all of the class members in the same way.

For the same reason, Plaintiffs satisfy the typicality requirement in Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the basis of the class members claims.

Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that they have interests antagonistic to or at odds with those of Class Members. *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.3d 1026, 1031 (6th Cir. 1977).

Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class members' common factual allegations and legal theory—that Defendants under-reimbursed the delivery drivers, and

3

claimed an improper tip credit from delivery drivers' wages—predominate over any factual or legal variations among class members.

The Court appoints Biller & Kimble, LLC as class counsel because they meet all of the requirements of Rule 23(g). Plaintiff's Counsel are well-versed in pizza delivery driver litigation. Referring to Biller & Kimble, LLC's lawyers, Judge Walter H. Rice held "[t]he Court is familiar with Class Counsel's work in this and other cases like it. * * * The Court agrees that Class Counsel's work in this area is exemplary…" *Brandenburg II,* 2019 WL 6310376, *6.

Finally, the Court finds that the Class Notice process undertaken by the Claims Administrator met the requirements of Rule 23(e)(1).

The Court also finds that the case is properly certified as a collective action pursuant to Section 216(b) of the FLSA.

The Court **GRANTS** certification of a Rule 23 and FLSA Section 216(b) settlement class of Defendants' delivery drivers employed from August 27, 2017 to August 5, 2020, at the Lebanon, Ohio and Blue Ash, Ohio LaRosa's stores owned, operated, and/or controlled by Defendants.

### b. The parties' settlement is fair, reasonable, and adequate.

Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. FED. R. CIV. P. 23(e); *Mullins*, 2019 WL 275711, *2. There is an "especially strong" presumption in favor of voluntary settlements "in class actions…where substantial judicial resources can be conserved by avoiding formal litigation." *Ehrheart v. Verizon Wireless,* 609 F.3d 589, 594-95 (3d Cir. 2010); *see also* Newberg §§ 11.41 ("The compromise of complex litigation can be encouraged by the courts and favored by public policy.").

4

Courts in the Sixth Circuit evaluate the following factors in determining whether to approve a class action settlement: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Mullins*, 2019 WL 275711, *2 (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

      **i.**      **The Risk of Fraud or Collusion**

First, the evidence before the Court reflects that the Settlement Agreement is the product of arms-length negotiations conducted by experienced counsel on both sides, including an all-day mediation. "The participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Mullins*, 2019 WL 275711, *2 (quoting *Bert v. AK Steel Corp.*, No. 1:02-cv-467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008)). Nothing before the Court suggests that the Settlement is the result of fraud or collusion.

      **ii.**      **The Complexity, Expense, and Likely Duration**

Second, "[w]age and hour class and collective actions, such as this, are inherently complex and time-consuming." *McConnell,* 2021 U.S. Dist. LEXIS 92836, at *11; *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386-WHR, 2018 WL 5023950, *5 (S.D. Ohio Oct. 17, 2018) (concluding a case raising a similar delivery driver reimbursement claim "involved complicated issues of fact and law."). Defendants dispute liability and raise a number of defenses. The parties would have had to proceed through class certification, summary judgment, and possibly a trial before a judgment would be entered. The settlement amount is not the full amount that the delivery drivers could have received at trial, but the settlement eliminates the possibility that the delivery drivers

might receive nothing at trial. Indeed, "[i]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Hupt & Co.*, 304 F.Supp. 917, 934 (S.D.N.Y. 1969). This factor supports approval of the settlement.

### iii. The Amount of Discovery Engaged in by the Parties

"In under-reimbursement delivery driver cases, discovery focuses 'mainly on the records Defendants are required to keep under the FLSA and Ohio law.'" *McConnell,* 2021 U.S. Dist. LEXIS 92836, at *11 (quoting *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2020 U.S. Dist. LEXIS 39715, 2020 WL 1129325, at *3 (S.D. Ohio Mar. 6, 2020)). Here, the parties exchanged sufficient mileage, reimbursement, hours, and wage information for them to evaluate the claims and defenses in this case. The Court is satisfied that both parties were fully informed as to the strengths and weaknesses of their respective positions and that settlement is appropriate in that situation.

### iv. The Likelihood of Success on the Merits

Success was not certain for the delivery drivers on either their under-reimbursement claim or their tip credit notice/dual jobs claims. There were a number of factual and legal disputes that would have to be decided by the Court. Depending on the Court's decisions, the delivery drivers could have been awarded more or less than what they will receive under the terms of the settlement. This factor supports approval of the settlement.

### v. The Opinions of Class Counsel and Class Representatives

The class representatives approve of the settlement. Class Counsel also believes the settlement is fair, adequate, and reasonable. Counsel are uniquely experienced in pizza delivery driver litigation, having litigated similar cases across the country. This factor supports approval of the settlement.

    vi.    **The Reaction of Absent Class Members**

The class members reaction to the settlement has been positive. The class members have now been notified of the settlement. None of the 53 class members of objected or opted out.

    vii.    **The Public Interest**

Public policy favors settlement of class action lawsuits. *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 WL 3447947, at *4 (S.D. Ohio July 11, 2014). This case is no exception. The settlement provides relief to the class members, avoids further litigation in a complex case, and frees the Court's judicial resources. Accordingly, the Court finds that this factor weighs in favor of approving the proposed Settlement because the public interest is served by resolution of this action.

All of these factors support approval of the settlement. The Court therefore **APPROVES** the parties' Settlement Agreement as fair, adequate, and reasonable.

    **4.**    **Conclusion**

Having reviewed Plaintiffs' unopposed motion for final approval, the Court **GRANTS** the motion as to final settlement approval and certification of the Rule 23 class action and FLSA collective action.

This action is hereby **DISMISSED** with prejudice, with the Court to retain jurisdiction to enforce, interpret, and otherwise implement the settlement. The Parties are ordered to carry out the Settlement Agreement according to its terms.

**IT IS SO ORDERED**, this 28 day of February 2022.

                                                 __/s Michael R. Barrett_____
                                                United States District Judge Michael R. Barrett